IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY ALLEN LYMAN                                                                    PLAINTIFF

v.                    Civil No. 5:24-cv-05193-TLB-CDC

NURSE TRACEY ROBINSON, Turn Key
Health Clinics, LLC; and TURN KEY HEALTH
CLINICS, LLC                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Larry A. Lyman ("Lyman"), pursuant to 42 U.S.C. § 1983. Lyman proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Motion to Dismiss filed by Separate Defendant Turn Key Health Clinics, LLC, and Lyman's failure to obey the Court's Orders.

## I.    DISCUSSION

On November 5, 2024, Turn Key Health Clinics, LLC, filed a Motion to Dismiss. (ECF No. 15). On November 6, 2024, an Order was entered directing Lyman to respond to the Motion by November 27, 2024. (ECF No. 18). Lyman was advised that failure to "timely and properly comply with this Order shall result in the dismissal of this action pursuant to Local Rule 5.5(c)(2)." *Id.*

This Order was returned as undeliverable and resent to the correct address on November 19, 2024. To ensure procedural fairness, an Order was entered giving Lyman an extension until December 16, 2024, to file his response. (ECF No. 22). This Order advised Lyman that failure

1

to comply "shall result in the dismissal of this case."  *Id.*    Lyman failed to respond to the Motion and a Show Cause Order was entered on December 19, 2024.   (ECF No. 23).   Lyman was again advised that failure to respond to the Order subjected the case to dismissal.   Lyman's response was due by January 9, 2025.   Lyman did not respond to the Show Cause Order.   To date, Lyman has not responded to the pending Motion to Dismiss or the Court's Orders.   (ECF Nos. 15, 18, 22, 23).

Lyman has not requested additional time to respond to the Motion or the Courts' Orders. No mail has been returned as undeliverable since November 18, 2024, and it was resent the following day.   Lyman has failed to comply with the Court's Orders.   (ECF Nos. 18, 22 & 23). In each Order, Lyman was advised that failure to respond would result in the dismissal of the case.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.   Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."   *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.    CONCLUSION

For these reasons, it is recommended that:

- The Motion to Dismiss filed by Turn Key Health Clinics, LLC (ECF No. 15) be **GRANTED**; and

2

- Pursuant to Rule 41(b), this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).   Fed. R. Civ. P. 41(b).

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 21st day of January 2025.


*s/Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE